No. 14390

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

ANACONDA-DEER LODGE COUNTY,

Plaintiff and Respondent,

-vs-

PETER J. LORELLO et al.,

Defendants and Appellants.

Appeal from: District Court of the Third Judicial District,
Honorable Peter G. Meloy, Judge presiding.

Counsel of Record:

For Appellants:

Scanlon & Connors, Anaconda, Montana

For Respondent:

Radonich & Brolin, Anaconda, Montana

Submitted on briefs: January 24, 1979

Decided: APR 1979

Filed:

Thomas J. Kearney
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Peter J. Lorello, defendant, appeals from a declaratory judgment of the Deer Lodge County District Court holding that a proposed gambling ordinance was unconstitutional. We affirm.

The basic facts in this case are not in dispute. On May 2, 1977, the Anaconda-Deer Lodge local government charter became effective. The charter provided that the unified county government would be run by a five man board of commissioners and a professional city-county manager.

On July 13, 1977, Peter J. Lorello and approximately fifteen percent of the qualified electors of Deer Lodge County submitted a proposed gambling ordinance to the Anaconda-Deer Lodge Board of Commissioners. Lorello's group requested that the Board present the proposed gambling ordinance to the voters of Deer Lodge County at the next general election. The ordinance in question, if approved by the voters, would legalize all forms of gambling within the borders of Deer Lodge County.

The Board of Commissioners, not certain that the proposed ordinance would be valid as submitted, initiated a declaratory judgment action in the District Court, Deer Lodge County, seeking a declaration on the validity and constitutionality of the proposed ordinance. The trial judge ruled that the proposed ordinance was invalid, unconstitutional, and that the proposed ordinance could not be submitted to the Deer Lodge County electorate. This appeal followed.

The sole issue on appeal is whether the electorate of a local government unit may initiate a gambling ordinance which is more liberal than statewide gambling laws.

-2-

The main controversy is the meaning to be attached to the term "the people" as it appears in 1972 Mont. Const. Art. III, §9. The section states:

> "All forms of gambling, lotteries, and gift enterprises are prohibited unless authorized by acts of the legislature or by the people through initiative or referendum." (Emphasis added.)

The District Court held that the term is synonymous with the voters of the entire State of Montana. Defendant Lorello, on the other hand, urges that the term "the people" is general enough to refer to the electors of a local government unit (i.e. the electors of Deer Lodge County).

The meaning attached to the term "the people" will be dispositive of this appeal. If the term refers to the electorate of the entire State, the citizens of Deer Lodge County cannot legalize forms of gambling which have not been "authorized" by the legislature or the electorate of the State. Conversely, if the term refers to the voters of a local government unit, the voters of Deer Lodge County must be allowed to vote on the proposed gambling ordinance.

The interpretation urged by defendant Lorello would lead to absurd results, and this cannot be a rational interpretation of the Constitution. Ronish v. School Dist. No. 1 (1960), 136 Mont. 453, 348 P.2d 797.

The framers used the term "the people" as a shorthand reference to the citizens of the entire State of Montana. We find support for such an interpretation by reference to other portions of our constitution. For example, the following language appears in the Preamble to our Constitution:

> "We the people of Montana grateful to God for the quiet beauty of our state, the grandeur of our mountains, the vastness of our rolling plains, and desiring to improve the quality of life, equality of opportunity and to secure the blessings of liberty for this and future generations do ordain and establish this constitution." (Emphasis added.)

-3-

In addition to its use in the Preamble, the term "the people" appears thirteen times in the first three articles of our Constitution. Wherever the term appears, it is obvious that the framers were referring to the citizens of Montana as a homogeneous group, and not to an isolated group such as the electors of a local government unit. We would no doubt create absurdities in other portions of the Constitution if we accepted defendant's strained interpretation. It simply was not intended.

We hold that the legislature or "the people" of the entire state, are the only two groups empowered to legalize forms of gambling in this State. Any attempt to legalize gambling by any other group (i.e. the electors of Deer Lodge County) is expressly forbidden by 1972 Mont. Const. Art. III, §9.

Having disposed of the merits of the case, we note that this case demonstrates a serious problem facing this Court: the frivolous appeal. If cases are appealed as a matter of course, without regard to a good faith analysis of merit, this Court will not be able to avoid a serious backlog in our docket. We urge attorneys to exercise their good faith judgment before undertaking an appeal.

The judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

-4-